Curia per
Johnsow, J.
It will not be necessary to decide here whether an information before a magistrate may, or may not, for some purposes be regarded as the commencement of a prosecution; for whether we consider the literal import of the term malicious prosecution, or the nature of the injury which the action so called was framed to redress, it cannot be regarded as the commencement of a prosecution. The terms themselves presuppose some proceeding against the party complaining, but the information is no more than a statement of facts from which the magistrate before whom it is made is called onto determine whether in law they authorize a criminal prosecution, and to which the accused is not a party. There was then in this case no prosecution.— The foundation of this sort of action is the wrong done to the plaintiff by the direct detention or imprisonment of his person. The wound inflicted on , his reputation and money that he may have expended on his defence arc more matters of aggravation than of substance, as will be seen by a reference to the precedents. The same conclusion follows from the rules of evidence peculiar to this action. The necessity of proving the termination of the prosecution, in some way or other, is admitted on all hands for the obvious reason that it would be inconsistent to allow a plaintiff to recover when in the end, he might be convicted of the offence charged against him; and this is impracticable when there has been no prosecution. A correct criterion by which to determine whether a prosecution has or has not been commenced, will perhaps be best formed by inquiring whether the proceedings are in *356 such a situation as to pul it in the power of the páfty prosecuted to compel the State to proceed, or to procure his own discharge, which can never happen until he is a party to them. If, for instance, he has been arrested and brought before a magistrate, and 'there is not sufficient evidence of the accusation against him, it is his .privilege to ask, and the duty of the magistrate to discharge him; or if he has entered into recognizance, or been committed, and the State refuses or neglects to proceed, or abandons the prosecution, he is entitled to be discharged; but if the magistrate thinks proper to put a criminal information into his pocket, the party accused has no power over him, nor has he any means of compelling him to proceed or abandon the prosecution. As a prosecution, therefore, it could not have a termination, because it never had a legal commencement. Admitting, however, that the information in this ease could be regarded as the commencement of a prosecution, there is no evidence of a legal termination, and for that reason, this, as an action for a malicious prosecution, must fail; for in the case of Smith vs. Shackelford, 1 Nott, and M’Cord 73, the Court held that an indorsement by a Solicitor corresponding in every thing material with that made in this casé, was not such an end .of the proceedings as would support the action.
The argument places- the second proposition on the broad ground, that the fact stated in the third count constitute an injury for which. the law ought to furnish a remedy, and in the absence of any prescribed, form that must be adopted which is suggested by the nature of the case : and I agree with Mr. Justice Buller, that every special action on the case is a new action, and that it is no objection to it that one of the same sort has never before been brought — Buller N. P.' 78. But this must be understood- with its proper limitations; for there is a class of injuries which are aptly enough denominated *357 damnum absque injuria, and for which an action will not lie, and, I-think,’ it may be well doubted whether this is not one of that class. The counsel have relied on the case of Thom vs. Blanchard, 5th Johnson Rep. 508, to show that an potion for a libel- will not lie for any, thing done in the course of a judicial proceeding, and hence it is concluded that the plaintiff is without remedy unless it is furnished by the form of action adopted by him; and the case of Cutler vs. Dixon, 2 Co. Rep. 290, goes so far as to decide that no action shall lie for any matter arising in the ordinal-} course of justice; and the reason given, is that if .actions .were permitted in such cases, those who have a just cause of eomplaint would not dare to complain for-fear of infinite vexation. This opinion seems to have been sustained by the whole current of decisions which are collected in a note in Thomas’ Edition of that. Woxk. These cases overshoot the mark aimed at, for the reasoning on which they aré founded apply to all the forms of action alike, and proceed on the- principle that it is against public policy to allow them. But I am much inclined to think with Seargent Hawkins, that if one resort to a judicial proceeding as a mere cover to gratify private malignity, and these, facts-can be clearly shown, it is rather an-aggravation of the injury; and the opinion of the Chancellor in the case of Thom vs. Blanchard, would seem to favour this conclusion when the falsity- of the charge and the malicious motive can be clearly proved by evidence aliunde. But it is unnecessary to decide this matter here, as in any view of the- question, the plaintiff cannot prevail in this motion. It is a settled tule of practice, -that when, a usage’ has prescribed a particular form of action for a certain class of injuries, it must be pursued. In this case the wrong complained of is the publishing a paper writing containing a criminal charge against the plaintiff, and if any action -would lie,-that *358 which the practice of the Court has appropriated to such an injury ought to have been resorted to. But there is yet a mote conclusive objection. There is no proof of malice except that arising from the publication, and that having been made in the course of a judicial proceeding repels the presumption and throws the onus of proof on the plaintiff. The motion in this case must, therefore, be refused. .Nonsuit confirmed.